[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO CITE IN PARTY DEFENDANTS OCEAN STATE AUTO AUCTION AND SNAPPY FUNDING, L.P. (#116)
In this personal injury lawsuit the plaintiff, David Grimes, alleges that on September 9, 1998 while walking on the shoulder of Interstate 95, he was hit by a vehicle driven by defendant Nathan Thermer. In his original summons and complaint, the plaintiff sued four defendants — Nathan Thermer, Snappy Car Rental, Inc., Spirit Rent-A-Car and Nutmeg Motors, Inc. Thereafter, Snappy Car Rental, Inc. and Spirit Rent-A-Car served an apportionment complaint, with a return date of February 6, 2001, on apportionment defendant Ocean State Auto Auction ("Ocean State"). On March 16, 2001, Snappy Car Rental, Inc. and Spirit Rent-A-Car filed a Revised Apportionment Complaint against Ocean State alleging that at the time of the accident, Nathan Thermer was an employee or agent of Ocean State and acting within the scope of his employment. On May 11, 2001, the plaintiff filed the present motion to cite in Ocean State and Snappy Funding, L.P. as named defendants.
Ocean State objects to the motion to cite them in on the ground that the motion is untimely.[1] For the reasons set forth below, the motion to cite in Ocean State is granted.
 DISCUSSION
Ocean State's argument is straightforward. The apportionment complaint that brought it into the case as an apportionment defendant had a return date of February 6, 2001. Pursuant to General Statutes § 52-102b(d), the plaintiff had sixty days from that return date to assert a claim against it. Ocean State claims that the present motion to cite them in was not filed until May 11, 2001, and is therefore untimely.
In response, counsel for the plaintiff has filed an affidavit stating that she did not receive a copy of the Apportionment Complaint bearing the return date of February 6, 2001, but did receive a copy of the Revised Apportionment Complaint dated March 14, 2001. The motion to cite in Ocean State was made within sixty days of the filing of the Revised Apportionment Complaint. The plaintiff therefore argues that the motion to cite in Ocean State should be deemed timely based on the lack of notice as to the original Apportionment Complaint.
The court notes that the original Apportionment Complaint does not bear any certification that a copy was sent to the plaintiff nor does the sheriffs return indicate that a copy was served on the plaintiff. On the present record, the court finds that the plaintiff did not receive a copy of the original Apportionment Complaint.
Section 52-102b(a), in part provides: CT Page 9292
 "The defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court on or before the return date specified in the apportionment complaint." (Emphasis added).
In addition, § 52-102b(d) provides:
 "Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." (Emphasis added).
These two sections of § 52-102b make proper service of the apportionment complaint on the plaintiff a condition precedent to commencement of the sixty day time limit. In this case that condition was not met. The first apportionment complaint that was properly served on the plaintiff was the Revised Apportionment Complaint filed on March 16, 2001. The present motion to cite in Ocean State was filed within the sixty days of that date. The motion is therefore timely and should be granted.
 CONCLUSION
For the reasons set forth above, the plaintiffs motion to cite in Ocean State and Snappy Funding, L.P. as party defendants is granted.
So Ordered at New Haven, Connecticut this 19th day of July, 2001.
Devlin, J.